# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL BROWN, | 1:06-cv-01327-OWW-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| DENNIS WARD, et. al., | (Doc. 1) |
| Defendants. | |

**I.     SCREENING ORDER**

Darryl Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff originally filed his original complaint on August 24, 2006, which is before the Court for screening.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

1  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
2  1915(e)(2)(B)(ii).
3       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
8  complaint under this standard, the court must accept as true the allegations of the complaint in
9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
12     **B.**    **Summary of Plaintiff's Complaint**
13      Plaintiff is a state prisoner at Sierra Conservation Center ("SCC") in Jamestown,
14 California where the acts he complains of allegedly occurred.
15      In the caption on the first page of his complaint, Plaintiff names defendants Dennis Ward
16 and Clay Warden.  However, on page three of his complaint, Plaintiff names the defendants as
17 Nennie Ward, Senior Librarian, and R. Ryan, Vocational Vice Principal.
18      Plaintiff alleges that due to his school schedule he was unable to access the law library.
19 He filed a 602 grievance regarding his inability to access the law library but agreed to withdraw
20 the 602 grievance at the second level because he reached an agreement with R. Ryan wherein he
21 would be allowed access to the law library outside of the hours he attended school.   This
22 agreement allegedly was breached by library staff, so Plaintiff filed 602 grievances regarding the
23 breach of the agreement by library staff.   As a result of the breach of the agreement by library
24 staff, Plaintiff argues he "may not be able" to file a federal petition.
25      The Plaintiff seeks monetary damages.
26      It should be noted that Plaintiff's first amended complaint is extremely difficult to
27 decipher.  The entire first amended complaint is handwritten in a manner (both darkness and
28 letter formation) that is difficult to read and is peppered with incomplete/nonsensical sentences.

Further, Plaintiff has organized his first amended complaint in a manner so as to make it extremely difficult for the Court to ascertain which facts Plaintiff believes show violation(s) of his constitutional rights. Further, Plaintiff does not specify which of his constitutional rights he feels were violated. It is Plaintiff's duty to specify his claims for relief and their factual bases against each named defendant. However, the Court directs Plaintiff to the following legal standards that appear to generally apply to claims that Plaintiff might make based on Plaintiff's factual statement of claim.

### C.   Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in any case(s) the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named

4

defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  If Plaintiff chooses to file an amended complaint, he must list/identify whichever persons he intends to pursue as defendants in both the caption and under section "III. Defendants."  Further, in his complaint, Plaintiff repeatedly refers to "library staff" and "correction officers" as not assisting him in accessing the law library, and/or as breaching the agreement Plaintiff had with R. Ryan.  Plaintiff must name any such "library staff" and/or "correctional officers" he feels caused a violation of his constitutional rights.  Thereafter, Plaintiff must link each delineated defendant to some offending/unconstitutional allegation(s).

### D.     Claim for Relief

#### 1. *Access to Courts – Law Libraries*

The majority of Plaintiff's factual statement of claim is based on his difficulty in accessing the law library at SCC due to his educational schedule.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996).  The right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354, 2181-82.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court.  Id.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002).

For backward-looking claims, Plaintiff "must show:  1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit."  Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

For forward-looking claims, the first element requires that plaintiff show he suffered an "actual injury" by being shut out of court.  Harbury 536 U.S. at 415, 121 S.Ct. at 2187; Lewis, 518 U.S. at 351, 116 S.Ct. at 2180; Phillips, 477 F.3d at 1076.  The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, "[t]he

1  touchstone . . . [for which] is foreseeability." Phillips, 477 at 1077.  Finally, the third element
2  requires that plaintiff show he has no remedy other than the relief available via *this* suit for denial
3  of access to the courts.  Id. at 1078-79.

4  Inmates do not have the right to a law library or legal assistance.  Id. at 351.  Law libraries
5  and legal assistance programs are only the means of ensuring access to the courts.  Id.  However,
6  actual law libraries may be replaced "with some minimal access to legal advice and a system of
7  court-provided forms such as those that contained the original complaints in two of the more
8  significant inmate-initiated cases in recent years ... and ...  forms that asked the inmates to
9  provide only the facts and not to attempt any legal analysis." (Citations omitted.)  Id at 352.

10  Because inmates do not have "an abstract, freestanding right to a law library or legal
11  assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law
12  library or legal assistance program is subpar in some theoretical sense."  Id.  Rather, an inmate
13  claiming interference with or denial of access to the courts must show that he suffered an actual
14  injury.  Id at 351.

15  Plaintiff states in his complaint that he has "... been in the court on appeal, and ... wanted
16  to exhust (sic) habeas petition's within a year and add the exhust (sic) grounds to my claims that
17  were denied on appeal.  an (sic) a federal petition now [he] may not be able because of the delay
18  in time straints (sic)." Doc. 1, pp. 5-6.  Thus, it vaguely appears to the Court that Plaintiff might
19  be attempting to allege that his inability to access the law library has interfered with his filing of
20  a habeas corpus claim.  However, Plaintiff's claim of interference with his access to the courts
21  via the law library are not cognizable since he alleges that he "may not be able" to file that claim
22  which appears to indicate Plaintiff is unable to show that he suffered an actual injury prior to the
23  date he filed his original complaint due to interference with, or denial of access to the courts.
24  Further, Plaintiff fails to allege that it was foreseeable that any named defendant's actions would
25  proximately cause an interference with his ability to access the courts.  Finally, Plaintiff fails to
26  show that he has no remedy other than the relief available via *this* suit for denial of access to the
27  courts.  If Plaintiff chooses to file an amended complaint, he is reminded that all claims raised in
28  this lawsuit must have accrued, and all administrative remedies thereon must have been

1  exhausted, prior to the date that he filed the original complaint, August 24, 2006.

### 2. *Due Process and Inmate Appeals*

Plaintiff appears to grieve the processing and reviewing of his 602 inmate appeals related to his inability to access the law library.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."

7

George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

As he has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8,

1 Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties'
2 evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)
3 should not be submitted until the course of litigation brings the evidence into question (for
4 example, on a motion for summary judgment, at trial, or when requested by the court). At this
5 point, the submission of evidence is premature as Plaintiff is only required to state a prima facie
6 claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon
7 which he alleges a defendant has violated his constitutional rights and not submit exhibits.

      Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Court strongly recommends that Plaintiff organize a second amended complaint, if he chooses to file one, in a fashion where he states what constitutional rights he alleges were violated, by which specific defendants, that is immediately followed by the factual basis for his allegation(s).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

**Dated:   August 25, 2008**          /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE